IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
        Plaintiff,

-vs-                                                  No.:

UNITED STATES OF AMERICA (UNITED
STATES POSTAL SERVICE), AUTOZONE, INC.
AND JOHN DOE,
        Defendants

COMPLAINT FOR SUBROGATION PROPERTY DAMAGES

COME NOW Plaintiff, by and through its attorney, Julia Hosford Barnes, P.C., and for its Complaint against the Defendants, states as follows:

GENERAL ALLEGATIONS

1. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") is an insurance company duly licensed to do, and at all times material herein, doing, business in the State of New Mexico. This complaint relates to State Farm's subrogation claim only and not personal claims by its insured. Those personal claims, if any, are unaffected by this Complaint except for the deductible of the insured, which is claimed herein.

2. Melanie Romero (State Farm's Insured) sustained a loss as a result of the accident which forms the basis of this Complaint. Ms. Romero may also have personal injury claims which are not affected by the property damage subrogation claim.

3. Defendant United States of America (United States Postal Service) is a branch of the federal government. Upon information and belief, Donald Farmer was

employed by the United States Postal Service at the time of the accident, and Mr. Farmer was working within the course and scope of the required duties at the time of the accident

    3.a.    Defendant AutoZone, Inc. is a company doing business in Bernalillo County, State of New Mexico. Upon information and belief, Daniel Pacheco was employed by AutoZone, Inc. at the time of the accident, and Mr. Pacheco was working within the course and scope of the required duties at the time of the accident.

    4.    At all times material herein, Plaintiff State Farm insured a certain automobile owned by State Farm's Insured against risk of loss.

    5.    On or about June 28, 2021, a motor vehicle accident occurred in Bernalillo County, New Mexico between the vehicle owned by State Farm's Insured and a motor vehicle operated by the United States Postal Service employee and a motor vehicle operated by the AutoZone, Inc. employee.

    5.a.    Defendant AutoZone, Inc. and Defendant United State of America (United States Post Office) are responsible for actions of the employees of the business while on duty.

    6.    Venue is proper in this Court as the accident was in Bernalillo County.

## DAMAGES

    7.    As a proximate result of the accident, State Farm's Insured incurred the following damages as liquidated by State Farm in payment of the claim to its insured:

**Damages Incurred by State Farm under its insurance policy**

| | |
|---|---|
| Property Damages and Associated Costs | $ 9,331.93 |
| Subtotal -- State Farm damages | $ 9,331.93 |

**Damages Incurred by State Farm's insured**

|  |  |
|---|---|
| Amount not covered by insurance | $ 500.00 |
| **Total Damages** | $ 9,831.93 |

8. Upon the rightful demand of State Farm's Insured, Plaintiff State Farm paid its insured the damages as set forth above and is thereby subrogated to that extent against the Defendants.

9. Pursuant to SCRA 1-010(C), Plaintiff incorporates paragraphs 1 through 8 as if fully set forth within each of the counts set forth below.

### COUNT I NEGLIGENCE - UNITED STATES POSTAL SERVICE

10. On or about June 28, 2021, the employee of Defendant United States of America (United States Postal Service) negligently operated a motor vehicle, which caused damage to State Farm's Insured. The employee was following too closely, driving carelessly and struck the AutoZone, Inc. vehicle which then hit State Farm's insured from behind.

11. The negligence of employee of Defendant, United States of America (United States Postal Service) was the proximate cause of the damages suffered by Plaintiff.

### COUNT II – NEGLIGENCE PER SE- UNITED STATES POSTAL SERVICE

12. The employee of Defendant, United States of America (United States Postal Service) was negligent per se in that he violated sections of the New Mexico Statutes Annotated 1978, as amended, as well as city ordinances regarding legal duties in the operation of a motor vehicle while on public streets. Among other laws, the

employee was inattentive to the rules of the road and violated NMSA 66-7-318 by following too closely, and NMSA 66-7-301 by traveling too fast for conditions.

13. The negligence per se of the employee of Defendant United States of America (United States Postal Service) was the proximate cause of the damages suffered by Plaintiff.

## COUNT III –RESPONDEAT SUPERIOR- UNITED STATES OF AMERICA

14. Defendant, United States of America (United States Postal Service) is responsible for actions of the employees of the business while on duty.

## COUNT IV NEGLIGENCE – AUTOZONE, INC.

15. On or about June 28, 2021, the employee of Defendant AutoZone, Inc. negligently operated a motor vehicle, which caused damage to State Farm's Insured. The employee was following too closely, driving carelessly and struck the State Farm's insured from behind.

16. The negligence of the employee of Defendant AutoZone, Inc. was the proximate cause of the damages suffered by Plaintiff.

## COUNT V – NEGLIGENCE PER SE- UNITED STATES POSTAL SERVICE

17. The employee of Defendant AutoZone, Inc. was negligent per se in that he violated sections of the New Mexico Statutes Annotated 1978, as amended, as well as city ordinances regarding legal duties in the operation of a motor vehicle while on public streets. Among other laws, the driver was inattentive to the rules of the road and violated NMSA 66-7-318 by following too closely, and NMSA 66-7-301 by traveling too fast for conditions.

18. The negligence per se of the employee of Defendant AutoZone, Inc. was the proximate cause of the damages suffered by Plaintiff.

### COUNT VI –RESPONDEAT SUPERIOR- AUTOZONE, INC.

19. Defendant AutoZone, Inc. is responsible for actions of the employees of the business while on duty

### COUNT VII AGAINST JOHN DOE

20. Through discovery or otherwise, another party or parties may be identified that have liability in this matter, based in negligence, negligence per se or other tort or through vicarious liability, such as respondeat superior or family purpose doctrine. To the extent that such a party(ies) is identified, the amendment of the Complaint to include such a party will be deemed to relate back to the filing date of this Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendants for property damage in the sum of **$9,831.93** together with interest at the highest rate allowed by law, the cost of this action, and for such other and further relief as the Court deems just and proper.

JULIA HOSFORD BARNES, P.C.

*/s/ Julia Hosford Barnes*
Julia Hosford Barnes
200 W. De Vargas St., Suite 2
Santa Fe, New Mexico 87501
(505) 982-3993
Jhbnm1@gmail.com
Attorney for Plaintiff